

FILED
Jun 18, 2021
12:53 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Elsie Crawford | ) Docket No. 2019-08-0951 |
| | ) |
| v. | ) State File No. 26331-2018 |
| | ) |
| Wal-Mart Associates, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Deana C. Seymour, Judge | ) |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee suffered a compensable injury to her left shoulder for which the employer provided workers' compensation benefits. The parties reached an agreement to resolve the employee's claim that included the closure of future medical benefits, and the employer filed a "Petition for Benefit Determination Settlement Approval Only." When presented with the terms of the settlement, the judge concluded that closure of medical benefits was not in the employee's best interests and declined to approve the settlement. More than one year later, the employee filed a petition for benefit determination seeking to compel the employer to provide certain workers' compensation benefits. The employer filed a motion for summary judgment, asserting the employee's petition was not filed within the applicable limitations period. Following a hearing on the employer's motion, the trial court concluded the petition originally filed by the employer satisfied the statute of limitations and denied the employer's motion for summary judgment. Both parties have appealed. After careful consideration, we affirm the trial court's order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

Celeste Watson, Knoxville, Tennessee, for the employer-appellant/appellee, Wal-Mart Associates, Inc.

Elsie Crawford, Memphis, Tennessee, employee-appellee/appellant, pro se

1

## Factual and Procedural Background

Elsie Crawford ("Employee") sustained a compensable injury to her left shoulder on April 9, 2018, while working for Wal-Mart Associates, Inc. ("Employer"). Employer provided workers' compensation benefits, and Employee was placed at maximum medical improvement and issued a medical impairment rating by her authorized treating physician in March 2019. Employer made its final payment of benefits on April 19, 2019.[1]

After the parties agreed to resolve Employee's claim, including a closure of future medical benefits, Employer signed and filed a petition for benefit determination for settlement approval only. The petition was stamped "FILED" on September 6, 2019 by the Tennessee Court of Workers' Compensation Claims. The parties participated in a settlement hearing on September 12, at which time the trial court declined to approve the settlement, concluding the closure of future medical benefits was not in Employee's best interests. Following the hearing, Employer advised Employee it was unwilling to make any further settlement offers. On October 21, 2020, more than one year after the last voluntary payment of benefits, Employee filed a petition for benefit determination seeking to compel Employer to provide additional workers' compensation benefits.

In response to Employee's October 21, 2020 petition, Employer filed a motion for summary judgment, asserting Employee's claim should be dismissed because she "failed to file her petition within the one-year statute of limitations in Tennessee Code Annotated section 50-6-203(b)(2)." In addition, Employer contended the September 6, 2019 petition failed to toll the one-year limitation period because "it was not filed with the Court Clerk, was not served on all parties, and did not contain necessary information to comprise a complaint under Tennessee law." Employee asserted that Employer's September 6 petition was filed within one year of Employer's last payment of workers' compensation benefits and that it served to toll the statute of limitations.

Following a hearing on Employer's motion for summary judgment, the trial court concluded the September 6, 2019 petition for benefit determination was timely filed and satisfied the applicable statute of limitations. Applying the rules of statutory construction, the trial court concluded the ordinary meaning of the applicable statutory language "suggests that either [petition for benefit determination] form" would fulfill the statutory requirements. The court also noted that "[b]oth forms are petitions for benefit determination that were prescribed by the administrator, and nothing in the statute differentiates between the two."

---

[1] Because of the procedural posture of this case, the record contains little information concerning the nature or extent of Employee's injuries or her medical care. However, these facts are not relevant to the legal issue on appeal, and we need not address them further.

In addressing Employer's argument regarding the sufficiency of the September 6 petition and its assertions that the petition "was not filed with the Court Clerk, was not served on all parties, and did not contain the necessary information to comprise a complaint under Tennessee law," the trial court emphasized the statute "does not require these" and stated the court had

> no authority to impose the additional requirements suggested by [Employer]. Instead, the statute requires that the petition for benefit determination be filed with the Bureau, not the Court Clerk. In this case, the petition was on a form prescribed by the administrator, was stamped "FILED" by the Bureau on September 6 and was accompanied by a settlement agreement with specific claim details that was signed by both parties.

The court also clarified that while a petition for benefit determination is "a vehicle by which a claim is commenced in the Court of Workers' Compensation Claims," there is no requirement that a petition for benefit determination meet the formal requirements for a complaint as set out in the Tennessee Rules of Civil Procedure. The court also noted that, although Bureau rules govern the filing and service of documents, these rules "cannot supplant the clear language of the statute – that a petition for benefit determination must be filed with the *Bureau* on a *form prescribed by the administrator*." As a result, the trial court denied Employer's motion for summary judgment, concluding Employer "did not successfully demonstrate that [Employee's] claim is barred by the statute of limitations . . . [and] did not negate an essential element of her claim." Employer and Employee appealed.[2]

**Standard of Review**

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We are mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

---

[2] Employee's notice of appeal appears to take issue with Employer's refusal to extend an additional offer of settlement after the September 12 settlement was rejected by the trial court. However, Employee has failed to explain how the trial court erred or provided any authority to suggest Employer was required to extend another settlement offer. She also has not filed a brief or any other statement in support of her appeal. Accordingly, we are unable to discern any reviewable factual or legal issues raised by Employee.

**Analysis**

Employer asserts the trial court erred in denying its motion for summary judgment because the court "improperly found that a partially completed administrative form from a failed settlement proceeding constitutes a Complaint sufficient to toll the Statute of Limitations, denying the Employer its affirmative defense." The Tennessee Supreme Court has explained the requirements for a movant to prevail on a motion for summary judgment:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record."

*Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 264-65 (Tenn. 2015). Thus, for Employer to prevail on its motion for summary judgment, Employer must show that it negated an essential element of Employee's claim or that her evidence is insufficient to establish her claim. We conclude Employer failed to do either.

*Statute of Limitations*

Tennessee Code Annotated section 50-6-203(b)(2) (2020) governs the time within which a petition must be filed to commence a cause of action in circumstances where an employer has voluntarily provided benefits:

> In instances when the employer has voluntarily paid workers' compensation benefits, within one (1) year following the accident resulting in injury, the right to compensation is forever barred, unless a petition for benefit determination *is filed with the bureau* on a form prescribed by the administrator within one (1) year from the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee.

4

(Emphasis added.)  Here, it is undisputed that Employer last made a payment of benefits on April 19, 2019.  Thus, for a petition to be timely, it must have been filed prior to April 19, 2020.  It is also undisputed that a petition for benefit determination for settlement approval only, signed by counsel for Employer, was stamped "FILED" by the Tennessee Court of Workers' Compensation Claims on September 6, 2019, which was within the timeframe contemplated by section 50-6-203(b)(2).[3]  However, for Employee's cause of action to survive, we must determine whether the September 6, 2019 petition was sufficient to toll the statute of limitations.

*Effect of September 6, 2019 PBD Filing*

In its brief on appeal, Employer contends the Bureau and the Court of Workers' Compensation Claims "clearly and **intentionally** distinguish between a [petition for benefit determination] form and a [petition for benefit determination] for Settlement Approval Only form," and that "[o]nly a [petition for benefit determination] form is legally sufficient to initiate a claim for workers' compensation benefits."  Employer notes that the petitions have different names, look different, serve different purposes, and are referenced in different sections of the rules.

The rules and regulations applicable to the Tennessee Court of Workers' Compensation Claims define a "petition for benefit determination" as a "written request for the bureau to assist in the resolution of disputed issues in a claim."  Tenn. Comp. R. & Regs. 0800-02-21-.02(21) (2019).  This rule further provides that "[a]ny party may file a petition for benefit determination on a form approved by the administrator at any time after a dispute arises in a claim."  *Id.*  Although the Bureau has two distinct petition for benefit determination forms, the trial court stated that "[b]oth forms are petitions for benefit determination that were prescribed by the administrator, and nothing in the statute differentiates between the two."  We agree and note that Employer has provided no legal authority in support of its assertion that only one of the petition for benefit determination forms is sufficient to satisfy the statute of limitations.

Employer also contends the September 6, 2019 petition "does not meet all of the criteria necessary to comprise a complaint in Tennessee."  In making this assertion, Employer references our opinion in *Vickers v. Amazon*, No. 2018-06-0149, 2019 TN Wrk. Comp. App. Bd. LEXIS 52, at *7-8, (Tenn. Workers' Comp. App. Bd. Aug. 20, 2019), in which we described a petition for benefit determination as "the Bureau's general equivalent of a complaint as contemplated in the Tennessee Rules of Civil

---

[3] In its brief on appeal, Employer incorrectly asserts that "[a]n *employee* must file a PBD form in order to initiate a claim for workers' compensation benefits."  (Emphasis added.)  Tennessee Code Annotated section 50-6-203(b) does not specify that the employee must file the petition.  Moreover, Tenn. Comp. R. & Regs. 0800-02-21-.10 provides that "any party" may file a petition for benefit determination on a form approved by the administrator at any time after a dispute arises in a claim.  Here, the record reflects that Employer signed and filed the petition.

Procedure."  Employer argues that in order to make a claim for relief, a complaint must follow certain rules of pleading as set forth in the Tennessee Rules of Civil Procedure.  However, in *Vickers*, the correlation we made between a petition for benefit determination and a complaint pertained to the *function* of a petition or complaint, not its *form*.  As we explained in a previous case:

> We have noted that a petition for benefit determination is the general equivalent of a complaint *because it initiates the process for resolving disputes whether or not benefits have been paid.  See Duck v. Cox Oil Co.*, No. 2015-07-0089, 2016 Wrk. Comp. App. Bd. LEXIS 2 (Tenn. Workers' Comp. App. Bd. Jan. 21, 2016); see also Black's Law Dictionary (6th ed. 1990) (defining a "complaint" as "the original or initial pleading by which an action is commenced" and a "petition" as "a formal written application to a court requesting judicial action on a certain matter.").

*Valladares v. Transco Prods., Inc*., No 2015-01-0117 & 0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at \*17-18 (Tenn. Workers' Comp. App. Bd. July 27, 2016) (emphasis added).

Moreover, the plain language of section 50-6-203(b) requires only that the petition for benefit determination be filed with the Bureau on a form prescribed by the Administrator.  As we have observed, "[o]nce a petition for benefit determination has been filed, there are only four possible resolutions of the petition in the Court of Workers' Compensation Claims: adjudication by a judge; settlement of the claim approved by a judge; a nonsuit or voluntary dismissal of the claim; or involuntary dismissal of the claim."  *Taylor v. Am. Tire Distributors*, No. 2015-06-0361, 2017 TN Wrk. Comp. App. Bd. LEXIS 48, at \*5-6 (Tenn. Workers' Comp. App. Bd. Aug. 15, 2017).  After the filing of the petition for settlement approval, none of these four actions occurred.[4]  We conclude the filing of the September 6, 2019 petition was sufficient to toll the applicable limitations period.

Finally, Employer asserts it did not intend to file a petition when it submitted its September 6, 2019 petition for benefit determination along with proposed settlement documents but simply "lodged proposed settlement documents with the Memphis Bureau office for review by the Trial Court."  The rules and regulations applicable to the Tennessee Court of Workers' Compensation Claims define the word "filed" as follows:

> For purposes of this chapter, a document is considered filed: (a) on the date and time received by the clerk if hand-delivered to any bureau office during normal business hours; (b) on the date posted to the clerk if sent by U.S.

---

[4] We note that nothing prevented Employer from filing a notice of voluntary dismissal of its petition after the trial court declined to approve the settlement pursuant to Tenn. Comp. R. & Regs. 0800-02-21-.24.

certified or registered mail, return receipt requested, or its equivalent; (c) on the date the document reaches the clerk if transmitted by first-class mail, facsimile, or by electronic transmission approved by the bureau; or (d) on the date and time filed in TNComp.

Tenn. Comp. R. & Regs. 0800-02-21-.02(16) (2019).

It is undisputed that a petition, signed by Employer, was stamped "FILED" by the Court of Workers' Compensation Claims on September 6, 2019. Employer has submitted no affidavits or other proof to show the petition for benefit determination was not filed in accordance with this rule. Thus, we find no merit in Employer's insistence that the petition was not filed.

## Conclusion

Because we conclude the September 6, 2019 petition for benefit determination for settlement approval was filed and was sufficient to toll Employee's statute of limitations, we conclude Employer failed to negate an essential element of Employee's claim or to demonstrate that Employee's evidence was insufficient as a matter of law. We affirm the decision of the trial court and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Elsie Crawford | ) | Docket No. 2019-08-0951 |
| | ) | |
| v. | ) | State File No. 26331-2018 |
| | ) | |
| Wal-Mart Associates, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana C. Seymour, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of June, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Elsie Crawford | | | | X | elsiecrawford79@yahoo.com |
| Celeste M. Watson | | | | X | celeste@cmwatsonlaw.com |
| Deana C. Seymour, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov